# RUTHERFORD & CHRISTIE, LLP

NEW YORK          ATLANTA

July 11, 2008

Hon. Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

  Re: Pensionsversicherungsanstalt v. The Estate of Rose Eisinger, et al
     Docket No.: 07 CV 05300 (FB) (RLM)

Dear Judge Block:

  We represent a defendant, Sonja Rosenbaum, in the captioned matter. We are writing to respectfully request a pre-motion conference and permission to file a motion to dismiss pursuant to Rule 12[c] of the Federal Rules of Civil Procedure. The basis for our anticipated motion is set forth below.

  By way of background, this matter pertains to a claim by Pensionsversicherungsanstalt, an Austrian governmental agency, that Ms. Rosenbaum was unjustly enriched because her deceased husband allegedly received pension overpayments that his deceased mother was entitled to receive. Mr. Rosenbaum, who died in September 2005, was intestate and Mrs. Rosenbaum was the sole distributee of his estate, which consisted of nothing other than personal effects.

  The sole cause of action asserted against Mrs. Rosenbaum is a New York State law claim for alleged unjust enrichment. An unjust enrichment claim under New York law must contain the following elements: (1) the defendant was enriched; (2) enrichment was at the plaintiff's expense; and (3) the defendant's retention of the benefit would be unjust. *See Van Brunt v. Rauschenberg*, 799 F.Supp. 1467, 1472 (S.D.N.Y.1992).

  Here, even assuming all of the facts alleged by the plaintiff as true, any claim for unjust enrichment against Mrs. Rosenbaum must fail. The plaintiff does not allege that Mrs.

*Pensionsversicherungsanstalt v. The Estate of Rose Eisinger, et al.*
*July 11, 2008*
*Page No. 2*

Rosenbaum did anything at all to enrich herself at plaintiff's expense. Moreover, Mrs. Rosenbaum took nothing at all from her husband's estate. Consequently, the plaintiff will be unable to establish the elements of an unjust enrichment claim against Mrs. Rosenbaum. Simply put, the plaintiff cannot prove that Mrs. Rosenbaum was "enriched," much less that any purported enrichment was "unjust."

Based on the foregoing, we respectfully request permission to file a Rule 12[c] motion to dismiss and a pre-motion conference in accordance with your Honor's Individual Rules. We are available for a conference at the Court's convenience.

Thank you for your consideration of this matter.

Respectfully yours,

**RUTHERFORD & CHRISTIE, LLP**

By: _____
    Lewis R. Silverman (LS 9723)

LRS/hj
cc:   Harnik Wilker & Finkelstein
      Burke, Mortati, Scolamiero & Hurd