UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PENSIONSVERSICHERUNGSANSTALT

                Plaintiff,                          **MEMORANDUM AND ORDER**

   -against-                                  Case No. CV-07-5300 (FB) (RLM)

THE ESTATE OF ROSE EISINGER, SONJA
ROSENBAUM, individually and as distributee
of the Estate of Alphons Rosenbaum, GLADYS
ROBINSON, and PHILLIP L. GREENBLATT

                Defendants.
----------------------------------------------------------------x

*Appearances*

*For the Plaintiff:*
STEPHEN MICHAEL HARNICK, ESQ.
Harnik & Finkelstein
405 Lexington Avenue, 42nd Floor
New York, NY 10174

*For the Defendant Sonja Rosenbaum*:
LEWIS R. SILVERMAN, ESQ.
Rutherford & Christie, LLP
369 Lexington Avenue, 8th Floor
New York, NY 10017-5947

*For the Defendant Gladys Robinson*:
LUCIA TULLY CHAPMAN, ESQ.
Law Office of Henry Putzel, III
565 Fifth Avenue, 9th Floor
New York, NY 10017

*For the Defendant Phillip L. Greenblatt*:
THOMAS JOSEPH MORTATI, ESQ.
Burke, Scolamiero, Mortati & Hurd, LLP
9 Washington Square, Suite 201
P.O. Box 15085
Albany, NY 11212-5085

**BLOCK, Senior District Judge:**

        Plaintiff Pensionsversicherungsanstalt ("Plaintiff") submitted a letter motion, pursuant to Federal Rule of Civil Procedure 60(b)(1), asking the Court for reargument of its September 18, 2009, Memorandum and Order (the "Order").

1

Plaintiff's grounds for this motion are unclear. At oral argument on September 18, 2009, the Court unequivocally denied Plaintiff's request to modify or set aside the magistrate judge's decision to quash in part plaintiff's third-party subpoena of Israel Discount Bank of New York (the "Subpoena"). Because Plaintiff stated in open court that it could not oppose a summary judgment motion by defendant Robinson without the documents requested in the Subpoena, the Court dismissed Robinson from the action, without prejudice to Plaintiff's reinstatement of that claim in the event of a successful appeal of the Order. The Court made no representation as to the timing of that appeal. Because Robinson has been dismissed from the case, without prejudice, Plaintiff's worry of a "disadvantage in respect of Robinson's contemplated motion for summary judgment," Pl.'s Mot. at 1, is misplaced; no such motion is forthcoming.

To the extent that Plaintiff asks the Court simply to reconsider the Order, the Court reaffirms its decision that Magistrate Judge Mann's Memorandum and Order, dated March 11, 2009, as amended on May 12, 2009, was neither clearly erroneous nor contrary to law. Regardless, Plaintiff's "repetition of arguments" that have already received full consideration "fails to constitute a genuine ground for 60(b)(1) relief." *Peterson v. Valenzo*, 803 F. Supp. 875, 877 (S.D.N.Y. 1992); *see also R.F.M.A.S., Inc. v. Mimi So*, 2009 WL 2431921 at *2 ("Rule 60(b) is not intended as a means of relitigating matters decided in a final order

or raising issues that should be argued on appeal.").

**SO ORDERED.**

                                                _____
                                                FREDERIC BLOCK
                                                Senior United States District Judge

Brooklyn, New York
October 1, 2009