UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
Pensionsversicherungsanstalt,

                                         Plaintiff,          **MEMORANDUM RULING**
                                                                                    **AND ORDER**
        -against-                                           Case No. 07-5300 (TLM)

The Estate of Rose Eisinger et al.

                                         Defendants,
------------------------------------------------------------------ X

      Before the Court is defendant Sonja Rosenbaum's July 25, 2011 Motion to Dismiss [Rec. Doc. 218], defendant Phillip Greenblatt's July 25, 2011 Motion to Dismiss [Rec. Doc. 219], and plaintiff Pensionsversicherungsanstalt's July 28, 2011 consolidated Memorandum in Opposition thereto [Rec. Doc. 220]. Defendants move to dismiss all of plaintiff's claims under Federal Rule of Civil Procedure 12(c) for lack of subject matter jurisdiction, asserting that the amount in controversy does not meet the jurisdictional threshold. For the reasons that follow, defendants' motions will be DENIED.

      **I. Background**

      The plaintiff is an Austrian pension institution that paid a pension to now-deceased Rose Eisinger. Compl. ¶ 1. Plaintiff alleges that under Austrian law, Eisinger's entitlement to a pension from the plaintiff ended upon her death in October 1989. *Id.* ¶ 9. Plaintiff alleges further that after Eisinger's death, Alphons Rosenbaum–Eisinger's now-deceased son–sent falsely notarized "Certificates of Life" to the plaintiff every six months from November 1989 to February 2005, representing that Eisinger was alive and inducing the plaintiff to continue the stream of Eisinger's pension checks. *Id.* ¶ 11.

1

Plaintiff's complaint [Rec. Doc. 1] ("Complaint"), filed on December 18, 2007, alleged a claim for unjust enrichment against Sonja Rosenbaum, Alphons Rosenbaum's wife. *Id*. ¶ 18. The Complaint also alleged a claim for conspiracy to commit fraud against Phillip Greenblatt and Gladys Robinson, the notaries public who notarized the allegedly false Certificates of Life. *Id*. ¶ 20. Invoking the Court's diversity jurisdiction conferred by 28 U.S.C. § 1332(a), the Complaint sought "not less than EUR 109,247.13" from Rosenbaum, Compl. ¶ (a), and, similarly, "not less than EUR 109,247.13" from Greenblatt and Robinson "jointly and severally," *id*. ¶ (b). The Complaint also contained a general demand for punitive damages not directed at any particular defendant. *Id*. ¶ (c). On January 22, 2009, for reasons not apparent from the docket sheet of this proceeding, plaintiff filed its First Amended Complaint, deleting the conspiracy to commit fraud claim against Greenblatt and Robinson and adding a claim for notarial misconduct against Greenblatt and Robinson under New York Executive Law § 135 [Rec. Doc. 57].

On May 11, 2009, the three defendants filed a joint letter motion [Rec. Doc. 86] to quash a subpoena plaintiff had served on Israel Discount Bank of New York. The same day, Magistrate Judge Roanne Mann issued a Memorandum and Order granting in part defendants' motion [Rec. Doc. 89], and plaintiff filed an objection with the United States District Judge then assigned to the case, the Honorable Frederic Block. At a hearing conducted on September 18, 2009, Judge Block orally overruled plaintiff's objection to Judge Mann's Memorandum and Order, and as a result, plaintiff agreed on the record to withdraw without prejudice its claim against Robinson [Rec. Doc. 131], leaving Rosenbaum and Greenblatt as the remaining defendants.

On April 15, 2010, Judge Block orally granted Rosenbaum's motion for summary judgment and dismissed the unjust enrichment claim against her. After the case was reassigned to the

2

undersigned on April 21, 2010 [Rec. Doc. 171] for a trial on plaintiff's claim against Greenblatt, plaintiff moved to reinstate the unjust enrichment claim against Rosenbaum under Federal Rule of Civil Procedure 60(b) based on newly discovered evidence [Rec. Doc. 197]. The Court granted the motion on May 18, 2011 [Rec. Doc. 205], and also gave plaintiff leave to file a Second Amended Complaint to add a count of conversion against Rosenbaum. The Second Amended Complaint was filed on May 26, 2011 [Rec. Doc. 206]. Defendants then moved under Federal Rule of Procedure 12(c) to dismiss all of plaintiff's claims against them for lack of subject matter jurisdiction [Rec. Docs. 218 and 219].

**II. Discussion**

"A case is properly dismissed for lack of subject matter jurisdiction under [Rule 12(c)] when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). 28 U.S.C. § 1332(a)(2) grants the federal district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." As both defendants are citizens of New York and the plaintiff is deemed to be a citizen of Austria, Compl. ¶¶ 1-5, diversity of the parties is not disputed. The defendants' motions, however, assert that the amount in controversy does not exceed $75,000.

Plaintiff is entitled to a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003). To rebut that presumption, "the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Id.* (citation omitted). "[T]he legal impossibility of recovery must be so certain as virtually to negative

3

the plaintiff's good faith in asserting the claim." *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) (internal quotation marks omitted).

28 U.S.C. § 1367 requires the plaintiff to demonstrate that the amount in controversy exceeds $75,000 as to *each* defendant. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution," except, *inter alia*, as provided in Section 1367(b). Section 1367(b), in turn, provides that when a district court's jurisdiction is based solely on diversity, as in this case, Compl. ¶ 8, it does not maintain supplemental jurisdiction over claims against joined defendants that do not independently meet the amount in controversy requirement of § 1332.[1] This Court's jurisdiction over each defendant will be addressed in turn.

**A. Defendant Greenblatt**

A court must "measure the amount in controversy as of the date of the complaint." *Wolde-Meskel v. Vocational Instruction Project Comty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.") (internal quotation marks omitted). Because of this well-settled rule–known as the "time-of-filing-rule"–a district court's subject matter jurisdiction, once it has attached, "cannot be ousted by

---

[1] 28 U.S.C. § 1367 provides in full: "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

subsequent events." *Scherer*, 347 F.3d at 397. This is so regardless of whether those subsequent events were "'beyond the plaintiff's control or the result of his volition.'" *Quinones v. Nat'l Amusements, Inc.*, No. 07-CV-663, 2007 WL 1522621, *1 (S.D.N.Y. May 21, 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). This Court therefore looks to the Complaint to ascertain the claim alleged against Greenblatt and the amount put in controversy by that claim.

In the Complaint, plaintiff alleged that defendant Greenblatt and former defendant Robinson committed conspiracy to commit fraud under New York law by conspiring with Alphons Rosenbaum[2] to defraud the plaintiff of € 109,247.13. A conspiracy to commit fraud–that is, a mere agreement to commit fraud–is not itself a cause of action under New York law. *Waggoner v. Caruso*, 886 N.Y.S.2d 368, 372 (N.Y. App. Div. 2009). "[A] conspiracy may be alleged for the purpose of showing that a wrong was committed jointly by the conspirators and that, because of their common purpose and interest, the acts of one may be imputed to the others." *Filler v. Hanvit Bank*, 156 Fed. App'x 413, 417 (2d Cir. 2005) (internal quotation marks omitted). However, "the underlying independent tort" of fraud must be adequately pleaded. *Id*. The Court concludes, based on the alleged individual acts of Greenblatt and Robinson set out in the Complaint, that the Complaint stated a claim for fraud against both Greenblatt and Robinson individually. *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 488 (2007) (stating the elements of fraud).[3] Thus, although plaintiff

---

[2]As Alphons Rosenbaum was deceased at the time the action was commenced, he was not a named defendant.

[3] To prove a fraud claim under New York law, the plaintiff must show that "(1) defendant made a representation as to a material fact; (2) such representation was false; (3) defendant intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance

5

titled its claim against Greenblatt in the Complaint as "conspiracy to commit fraud," the claim was essentially a claim for fraud, and the Court will treat it as such for the purpose of ascertaining the amount in controversy as to plaintiff's claim against Greenblatt at the time of the filing of the Complaint.

The Court concludes that the amount in controversy as to Greenblatt meets the jurisdictional threshold. The plaintiff alleged in the Complaint that Robinson was the notary on the fraudulent Certificates of Life sent to the plaintiff from February 1989 to February 1999 and that Greenblatt was the notary on the Certificates sent to the plaintiff from August 1999 to February 2005. Compl. ¶ 12. The Complaint does not specify the amount of money allegedly obtained in the latter period–that is, the maximum amount for which Greenblatt could be held liable. However, even if that amount did not exceed $75,000, the Complaint demanded punitive damages from Greenblatt, which must be considered in determining the jurisdictional amount. *Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). While punitive damages are only available in fraud cases when the defendant acts with "a high degree of moral turpitude," *Ross,* 8 N.Y.3d at 489, that determination, and the amount of a punitive award, if any, are questions of fact for a jury to resolve. Where the damages sought are uncertain, as they were in the Complaint, the doubt must be resolved in favor of the plaintiff's pleadings. *Tongkook*, 14 F.3d at 785. Greenblatt has therefore failed to show to a legal certainty that the amount recoverable under the claim asserted against him in the Complaint falls short of the jurisdictional amount. As a result, Greenblatt's motion to dismiss must be denied.

### B. Defendant Rosenbaum

---

plaintiff sustained pecuniary loss." *Ross,* 8 N.Y.3d at 488 (internal quotation marks omitted).

As set out above, the amount in controversy is measured "as of the date of the complaint." *Wolde-Meskel*, 166 F.3d at 62. However, the parties dispute which complaint in this action is the proper complaint from which to ascertain the amount in controversy as it relates to Rosenbaum. Plaintiff asserts that it is the Complaint. Rosenbaum responds that, because she was dismissed from this action by Judge Block, Rosenbaum in essence did not become a defendant in the current action until the Court granted plaintiff's motion to reinstate the claim against her on May 18, 2011 [Rec. Doc. 205]. Thus, Rosenbaum argues, the operative date is May 26, 2011, when the Second Amended Complaint was filed [Rec. Doc. 206] after the Court granted the plaintiff's motion to reinstate the claim against her.

While the lawyers for the parties have not directed the Court to, nor could the Court find any case that addresses the procedural scenario presented in this case, the Court concludes that the date of the filing of the Complaint on December 18, 2007 is the proper date from which to ascertain the amount in controversy as it relates to Rosenbaum. If reinstatement under Rule 60(b) marked the initiation of a new action against Rosenbaum, as she asserts, plaintiff's claims against her would be barred by the statute of limitations. *Vigilant Ins. Co. of America v. Hous. Auth. of El Paso*, 87 N.Y.2d 36, 44 (1995) (conversion is subject to a three-year statute of limitations); *Congregation Yetev Lev D'Satmar, Inc. v. 26 Adar N.B. Corp.*, 596 N.Y.S.2d 435, 437 (N.Y. App. Div. 1993) (unjust enrichment is subject to a six-year statute of limitations). That is the position Rosenbaum previously took in her opposition to plaintiff's Rule 60(b) motion, which this Court rejected. *See* Rosenbaum Opp'n Mem. [Rec. Doc. 201 at 10] (arguing that "the statute of limitations for these causes of actions have long since expired and the proposed amendment would, therefore, be futile."). In addition, the Second Amended Complaint was made necessary only because plaintiff sought to

add a claim of conversion against Rosenbaum, which the Court permitted.[4] The purpose of the time of filing rule–that is, avoiding "[u]ncertainty regarding the question of jurisdiction," *Grupo Dataflux,* 541 U.S. at 581–would not be served if the rule yielded a different result.

The Court thus turns again to the Complaint. Plaintiff alleged that Rosenbaum had been unjustly enriched in the amount of €109,247.13–the total amount of pension checks allegedly received after Rose Eisinger's death. Therefore, the jurisdictional amount is satisfied as to Rosenbaum.

Rosenbaum argues that plaintiff's maximum potential recovery against Rosenbaum under the Complaint does not exceed $75,000 because the six-year statute of limitations for an unjust enrichment claim would preclude plaintiff from recouping a sufficient sum to satisfy the jurisdictional amount. The Court cannot glean from the parties' filings that portion of the €109,237.13 that was allegedly deposited into Rosenbaum's bank account between December 2001 and December 2007, the time frame under which plaintiff may be awarded judgment under her unjust enrichment claim. Rosenbaum merely asserts that, "[b]y our calculations," that six-year period would yield an amount "well below" the jurisdictional threshold. [Rec. Doc. 218 at 5]. In any event, Rosenbaum's attempt to whittle down the amount in controversy based on a statute of limitations defense is plainly contrary to Second Circuit case law. *Marchig v. Christie's Inc.*, No. 11-CV-461, 2011 WL 2685608, at *2 n.5 (2d Cir. Jul. 12, 2011) ("A defendant cannot retroactively remove jurisdiction over the complaint by the assertion of affirmative defenses, e.g. those based on a statute

---

[4]As the Court noted in its May 18, 2011 Order [Rec. Doc. 205 at 9] that reinstated the plaintiff's unjust enrichment claim against Rosenbaum and granted plaintiff leave to add a claim of conversion, plaintiff's conversion claim "relates back" to the Complaint for purposes of the statute of limitations pursuant to Federal Rule of Civil Procedure 15(c)(1)(B).

of limitations."); *Scherer*, 347 F.3d at 397 ("Even where the complaint itself discloses the existence of a valid defense, we have declined to consider it in determining whether the jurisdictional threshold is met.") (internal quotation marks omitted).

Rosenbaum has failed to show to a "legal certainty" that the amount recoverable under the unjust enrichment claim asserted against her in the Complaint falls short of the jurisdictional amount. *Scherer*, 347 F.3d at 397. As a result, Rosenbaum's motion to dismiss must be denied.

## III. Conclusion

Defendant Rosenbaum's motion to dismiss [Rec. Doc. 218] is DENIED and defendant Greenblatt's motion to dismiss [Rec. Doc. 219] is DENIED.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

August 23, 2011
Brooklyn, NY