UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
Pensionsversicherungsanstalt,

                                Plaintiff,                <u>Minute Entry</u>
     -against-                                         Case No. 07-5300 (TLM)

The Estate of Rose Eisinger et al.                  July 26, 2012

                              Defendants,
---------------------------------------------------------------- X

      The hearing set for today at 3:00 p.m. by the Court's Order of June 12, 2012 [Rec. Doc. 244] was converted to a status conference and conducted before United States District Judge Tucker L. Melançon.  Participating were Stephen M. Harnik and Samuel Fieldman representing the plaintiff Pensionsversicherungsanstalt,  Thomas Mortati and Thomas Cullen representing defendant Phillip Greenblatt, and Lewis Silverman representing defendant Sonja Rosenbaum.  After an extended discussion with the attorneys, the Court instructed them to resubmit their joint proposed jury instructions and joint proposed jury interrogatories in the format called for by the Court's November 14, 2011 Jury Trial Procedure Order [Rec. Doc. 230] on or before Monday, August 6, 2012.

      The Court made the following rulings on pending motions: reserved ruling on defendant Rosenbaum's request in her motion in limine [Rec. Doc. 255] to limit the amount of damages plaintiff can recover at trial; as to defendant Greenblatt's  motion in limine [Rec. Doc. 252], which defendant Rosenbaum adopted as her own, the Court: (1) granted defendants' request to exclude documents translated by Christian Votova, Esq., an attorney in plaintiff's counsel's law firm; (2) conditionally granted defendants' request to exclude defendant Rosenbaum's Greenpoint Bank statements (plaintiff's exhibit H); Attorney Silverman is instructed to notify Attorney Harnik on or before Wednesday, August 1, 2012 whether his client will stipulate to the authenticity of the

Greenpoint Bank statements in lieu of plaintiff's counsel having to secure the business records certification from Capital One Bank; (3) denied defendants' request to exclude the images of checks submitted to plaintiff by Bank Austria (plaintiff's exhibit J); (4) denied defendants' request to exclude plaintiff's "screenshots" (plaintiff's exhibit K); (5) denied defendants' request to exclude the January 17, 2008 letter from Bank Austria to plaintiff (plaintiff's exhibit M); (6) denied as moot defendants' request to exclude plaintiff's demonstrative exhibit I; plaintiff will be permitted at trial to use the demonstrative exhibit that plaintiff's counsel produced at the conference; and (7) denied defendants' request to exclude the testimony of plaintiff's witness Susanna Koening-Leopold.

The Court made the following rulings on plaintiff's motion in limine [Rec. Doc. 257]: (1) granted plaintiff's request to exclude all testimonial and documentary evidence of Rose Eisinger's remarriage to the extent defendants sought to introduce that evidence on the issue of mitigation of damages, and reserved ruling on plaintiff's request to the extent defendants seek to introduce that evidence on the issue of unjust enrichment, a legal issue that the attorneys for the parties agreed is to be decided by the Court; (2) denied plaintiff's request to exclude all testimonial and documentary evidence of defendant Rosenbaum's financial condition, bankruptcy filings, and the pro bono status of the defendants' attorneys to the extent defendants seek to introduce that evidence in the punitive damages phase of the trial in the event of a plaintiff's verdict, and reserved ruling on plaintiff's request to the extent defendants seek to introduce that evidence on the issue of unjust enrichment; (3) granted plaintiff's request to exclude during jury selection and trial any reference to defendant Rosenbaum's place of birth and the fact that defendant Rosenbaum is a Holocaust survivor; (4) denied as moot plaintiff's request to exclude defendant Rosenbaum's affidavit and deposition testimony; and (5) denied as moot plaintiff's request to exclude defendant Greenblatt's deposition testimony